**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DAWN ORTOLANO,**

               **Plaintiff,**

**-vs-**                                                            **Case No. 6:15-cv-802-Orl-40DAB**

**SEMINOLE COUNTY SCHOOL**
**DISTRICT,**

               **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. No. 2)**
>
> **FILED:** May 18, 2015
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the Complaint be **dismissed, without prejudice.**

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed *in forma pauperis*. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of *in forma pauperis* cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester*,

939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (*quoting Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)). To determine if a plaintiff should be permitted to proceed *in forma pauperis*, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id.* (*quoting Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id*. at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id*. at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, *citing Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

Although it is well established that the pleadings of pro se litigants, like Plaintiff, must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam), the Court will not rewrite Plaintiff's pleadings for him. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). In order to survive dismissal, a Plaintiff must plead facts sufficient to show that his claim has substantive plausibility. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies

exceeding $75,000 between citizens of different states) or the existence of a federal question (*i.e.,* "a civil action arising under the Constitution, laws, or treaties of the United States") in which a private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and §1332.

Applied here, it appears that Plaintiff, appearing *pro se,* is unhappy with discipline imposed on her son by his school.  She casts her grievances in terms of "violation of his 1st and 4th rights," and seeks redress for "violation of [her son's][1] constitutional rights and proper due process at L. Chiles Middle [School]."  Because the Complaint cannot proceed, as pled, it is frivolous, within the meaning of the pauper statute, and must be dismissed.

Plaintiff does not purport to have suffered any *personal* deprivation of constitutional rights, but seeks redress for injuries allegedly suffered by her minor son. To the extent Plaintiff purports to represent her son *pro se*, she has no standing to do so.  As the Eleventh Circuit Court has stated:

> Section 1654 authorizes parties in federal cases to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The right to appear *pro se*, however, is limited to those parties conducting "their own cases" and does not apply to persons representing the interests of others. *See Devine v. Indian River Cnty. Sch. Bd.*, 121 F.3d 576, 581 (11th Cir.1997) (determining that, although a parent is authorized to sue on behalf of a minor child, a non-lawyer parent may not appear *pro se* on behalf of a child in federal court), *overruled in part on other grounds, Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516, 127 S.Ct. 1994, 2006–07, 167 L.Ed.2d 904 (2007).

*Franklin v. Garden State Life Ins.*, 462 Fed.Appx. 928, 930 (11th Cir. 2012).  *See also Whitehurst v. Wal-Mart*, 306 Fed. Appx. 446, 449 (11th Cir.2008) ("[W]hile individuals have the right to proceed *pro se*, ... and Federal Rule of Civil Procedure 17 authorizes a conservator or guardian to sue on behalf of a minor child, ... a non-lawyer parent has no right to represent a child in an action in the child's name."). While Ms. Ortolano can serve as next friend for her son (in other words, act on his

---

[1] The Court does not quote the name of the minor revealed in the Complaint, in order to protect his privacy. *See* Rule 5.2, Fed. R. Civ. P. (2015).

-3-

behalf as his natural guardian), only an attorney can prosecute the claims made on his behalf before this Court. As the claims of the minor must be prosecuted, if at all, through counsel and Ms. Ortolano is not an attorney, and, as the Complaint alleges no claims on her *own* behalf, the Complaint must be dismissed for failure to state a cognizable claim.[2]

It is **respectfully recommended** that the motion be **denied** and the Complaint be dismissed. Should Plaintiff wish to prosecute this case on her son's behalf, the dismissal should be without prejudice to her retaining counsel and counsel's filing of an Amended Complaint (and, if necessary, renewal of the application to proceed as a pauper), all within a reasonable time (in the District Court's discretion) of any order adopting this recommendation.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 22, 2015.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy

---

[2] For Ms. Ortolano's benefit, the Court clarifies that it is not finding that the merits of the Complaint are frivolous or unfounded. Rather, because a minor's claim cannot be prosecuted by a non-lawyer representative purporting to appear *pro se,* the merits of the claim are not properly before the Court for review, so no such review was had.